Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3407 | **DATE** | June 19, 2013 |
| **CASE TITLE** | Shaun Profit (K-79496) vs. Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Stateville Correctional Center officials to deduct $2.70 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk shall also: (1) issue summonses for service of the complaint on the Defendants, (2) attach a Magistrate Judge Consent Form to the summonses for Defendants, and (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. The U.S. Marshal is appointed to serve the Defendants.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

Plaintiff, Shaun Profit, a prisoner at Stateville Correctional Center, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983 and the American With Disabilities Act.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.70. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that on June 17, 2012, Correctional Officer Mitchell refused to remove Plaintiff's handcuffs, that were on too tightly, after returning Plaintiff to his cell from a shower. Mitchell left Plaintiff in his cell for over tow hours with the tight handcuffs on his writs causing his wrists to swell and hurt. Once Mitchell finally removed the handcuffs, he refused to allow Plaintiff to seek medical attention for his swollen wrists. On June 20, 2012, after still not getting any medical attention for his swollen wrists, Plaintiff spoke with Warden Hardy about needing to see a doctor. Hardy told Plaintiff he would get someone to look at Plaintiff's wrists but he never did so. Plaintiff was finally seen at the healthcare unit but received minimal care due to Wexford Health Service's policy of providing the least amount of care to inmates to save money. Plaintiff alleges that Wexford staff knew that he should receive testing for nerve damage but failed to order such tests due to the policy of providing the least amount of care. Plaintiff may proceed with his claims against all Defendants.

The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for

|**STATEMENT**|
|---|
|Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Stateville Correctional Center or Wexford employee who can no longer be found at the work address provided by Plaintiff, Stateville and/or Wexford shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br><br>      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.|